UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FREDERICK DILLON,

               Plaintiff,

     -against-

CITY OF NEW YORK, OFFICER GUERRA
# 10154, OFFICER DUBOIS # 18771, OFFICER
KING # 2153, OFFICER GRIER # 17564,
CAPTAIN BLAKE, CAPTAIN JACKSON,
OFFICER WHITE, OFFICER BASKERVILL,
and CAPTAIN BALDWIN,

               Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-2733 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Frederick Dillon, currently incarcerated at Downstate Correctional Facility, brings this pro se Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is GRANTED. For the reasons discussed below, Plaintiff's claim against the City of New York is DISMISSED without prejudice. Plaintiff's claims against the remaining individual Defendants may proceed.

## I. BACKGROUND

Plaintiff alleges that on or about January 12, 2014, he was moved to the Anna M. Kross Center at Rikers Island Correctional Facility. In that unit, Plaintiff claims that he encountered Defendant Blake, a corrections officer, who Plaintiff alleges previously sexually assaulted him.[1]

---

[1] That allegation is the subject of a pending § 1983 action before this court. See Dillon v. Captain Blake, No. 14-CV-2416 (NGG) (E.D.N.Y.).

Sometime after seeing Defendant Blake, Plaintiff claims that Defendant Jackson stated "captain Blake told me about you . . . my escorts officers going to have fun with you later." (Compl. at Incident Stmt.) Thereafter, Plaintiff was escorted to his cell by Defendants Guerra, King, Grier, and Dubois. (Id.) They were joined there by Defendant Baldwin, who repeatedly ordered Plaintiff to enter his cell. (Id.) Plaintiff alleges that he did not go into the cell, and instead informed Defendant Baldwin that he feared for his safety in the housing unit because gang members were attempting "to kill him." (Id.) Allegedly, Captain Baldwin stated "I don't give a damm [sic] you violate one of us before." (Id.) Defendant Guerra, who was among the escort officers, then told Plaintiff to go into his cell "or we will force you." (Id.) Plaintiff alleges that he was then assaulted by the Defendants who were present at his cell, as well as Defendants Baskervill and White who appear to have joined the others sometime during the incident. (Id.) Plaintiff claims that as a result of the assault he suffered injuries to his lips, face, and head. It is unclear what relief Plaintiff is seeking.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It also is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read Plaintiff's pro se Complaint liberally and interpret it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## III. DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

### A. Defendant City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Soc. Servs., 436 U.S.

658, 694 (1978); Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). Absent a showing of a custom, policy, or usage, a municipality cannot be held liable on the basis of respondeat superior for the tort of its employee. Id; see also Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).

Moreover, "[t]o allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." Missel v. Cty. of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (citations omitted); Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . . .").

Here, Plaintiff fails to allege any facts to show: (1) the existence of a formal policy that is officially endorsed by the City; (2) actions taken or decisions made by the City which caused the alleged violations of his civil rights; or (3) any facts tending to support an inference that he was caused constitutional injury by the failure of the City to properly train or supervise the individual Defendants. Plaintiff's claim against the City of New York therefore is dismissed as it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiff's claim against the City of New York is DISMISSED without prejudice. See 28 U.S.C. § 1915A(b). No summons shall issue as to this Defendant, and it is further;

ORDERED that the United States Marshals Service is directed to serve the summons and Complaint upon New York City Department of Correction Officers: Guerra, Shield No. 10154; Dubois, Shield No. 18771; King, Shield No. 2153; Grier, Shield No. 17564; and it is further;

ORDERED that in accordance with Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Corporation Counsel of the City of New York shall ascertain the full names of Correction Officers Captain Blake and Captain Jackson, involved in this incident which occurred on or about January 12, 2014. The Corporation Counsel shall also ascertain the full names of Correction Officers White, Baskervill, and Captain Baldwin, described by Plaintiff as females and involved in this incident which occurred on or about January 12, 2014. The Corporation Counsel shall additionally provide the addresses where these individuals can currently be served. The government need not undertake to defend or indemnify these individuals at this juncture, and it is further;

ORDERED that the Corporation Counsel shall submit the information specified above to the court within forty-five (45) days from the date of this Order. Once they have been identified, Plaintiff's Complaint shall be deemed amended to reflect the full names of these individuals as Defendants, summons shall issue, and the court shall direct service on these Defendants.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 9, 2014

/S/ Judge Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge