UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FREDERICK DILLON,

                Plaintiff,

-against-

CITY OF NEW YORK, OFFICER GUERRA
# 10154, OFFICER DUBOIS # 18771, OFFICER
KING # 2153, OFFICER GRIER # 17564,
CAPTAIN BLAKE, CAPTAIN JACKSON,
OFFICER WHITE, OFFICER BASKERVILL,
and CAPTAIN BALDWIN,

                Defendants.
------------------------------------------------------------X

**ORDER**

**14-CV-2733 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Frederick Dillon, who is currently incarcerated at the Sullivan Correctional Facility in Sullivan County, New York, initiated this action by filing a pro se Complaint pursuant to 42 U.S.C. § 1983 on April 28, 2014. (Compl. (Dkt. 1).) By Memorandum and Order dated May 9, 2014, the court granted Plaintiff's request to proceed in forma pauperis ("IFP") but dismissed his claims against the City of New York without prejudice pursuant to 28 U.S.C. § 1915A(b). (Mem. & Order (Dkt. 5).) Presumably on behalf of the remaining Defendants (the "Officer Defendants"), the Corporation Counsel of the City of New York has now moved to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) and to dismiss this action without prejudice to re-file upon paying the required filing fee. (Mot. to Dismiss (Dkt. 12).) For the reasons set forth below, the motion is GRANTED.

Section 804 of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g), provides that a prisoner-litigant is ineligible to proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

1

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." PLRA § 804, 28 U.S.C. § 1915(g). To qualify for the exception to this so-called "three strikes" rule, a prisoner-plaintiff must allege he or she is under danger of imminent physical harm at the time the complaint is filed. See Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) ("[T]he language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed."). When a court learns of a plaintiff's prior disqualifying suits—i.e., the "strikes"—it may revoke a prior grant of IFP status and dismiss the complaint without prejudice. See Harris v. City of New York, 607 F.3d 18, 23 (2d Cir. 2010); Southerland v. Patterson, No. 10-CV-9155 (BSJ), 2012 WL 208105, at *1 (Jan. 23, 2012).

Plaintiff's pleading does not satisfy the "imminent danger" exception in § 1915(g), and he therefore may not proceed IFP. As Defendants correctly note, Plaintiff has exhausted his three strikes under the PLRA, having filed at least six disqualifying suits that were dismissed for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) prior to filing this Complaint.[1] See 28 U.S.C. § 1915(g). In his current Complaint, Plaintiff alleges that on or about January 12, 2014, he was assaulted by the Officer Defendants while incarcerated at the Anna M. Kross Center ("AKMC"), a New York City Department of Corrections facility on Riker's Island. (Compl. at 4.) He alleges that he suffered injuries to his lips, face, and head. (Id.) At the time Plaintiff filed the Complaint on April 24, 2014, however, he was incarcerated Downstate Correctional Facility, which is located in Fishkill, New York, and is operated by the

---

[1] See Dillon v. City of New York, No. 12-CV-7775 (LAP) (S.D.N.Y. Feb. 19, 2014) (Dkt. 14); Dillon v. City of New York, No. 12-CV-71132 (LAP) (S.D.N.Y. Feb. 3, 2014) (Dkt. 17); Dillon v. City of New York, No. 12-CV-6740 (LAP) (S.D.N.Y. Dec. 19, 2013) (Dkt. 18); Dillon v. City of New York, No. 12-CV-6746 (LAP) (S.D.N.Y. July 18, 2013) (Dkt. 20); Dillon v. City of New York, No. 12-CV-7112 (LAP) (S.D.N.Y. July 18, 2013) (Dkt. 19); Dillon v. City of New York, No. 12-CV-3872 (LAP) (S.D.N.Y. June 24, 2013) (Dkt. 36).

2

New York State Department of Corrections and Community Supervision ("DOCCS").[2] (See id. at 5; see also June 30, 2014, Ltr. (Dkt. 13) (advising the court that Plaintiff had been transferred from Downstate Correctional Facility to Woodbourne Correctional Facility).)

Construing Plaintiff's allegations liberally as raising the strongest arguments they suggest, see Price v. City of New York, 797 F. Supp. 2d 219, 222 (E.D.N.Y. 2011), there is no indication that Plaintiff was in danger of imminent bodily harm at the time he initiated this action. The Complaint alleges a single physical assault by the Officer Defendants while Plaintiff was located at AKMC on Riker's Island. (Compl. at 4.) At the time he initiated this action, however, Plaintiff had already been transferred to DOCCS's Downstate Correctional Facility and the Officer Defendants, who were employed by the City's Department of Corrections, remained assigned to AKMC. (See June 18, 2014, Ltr. (Dkt. 10).) Thus, even if Plaintiff had adduced allegations in his Complaint to suggest there was a likelihood of future assault(s) by the Officer Defendants, which he did not, the relevant Defendants were not located in the same facility as Plaintiff at the time he initiated this action and therefore could not have posed the requisite imminent danger to his person. See Malik, 293 F.3d at 562-63 (noting that a finding of "imminent danger" cannot be premised on a past harm); Partee v. Connolly, No. 08-CV-4007 (NRB), 2009 WL 1788375, at *3 (S.D.N.Y. June 23, 2009) (to qualify for § 1915(g)'s exception the "alleged physical harm must be 'fairly traceable to unlawful conduct asserted in the complaint,' and must also be real, and not 'merely speculative or hypothetical'" (citations omitted)). In the court's view, therefore, Plaintiff was not "under *imminent* danger of serious physical injury" when the Complaint was filed and he therefore cannot escape the PLRA's three

---

[2] As previously noted, Plaintiff is currently incarcerated at DOCCS's Sullivan Correctional Facility in Fallsburg, New York. (Dkt. 19.)

3

strikes rule.[3] 28 U.S.C. § 1915(g) (emphasis added); see Palmer v. New York State Dep't of Corr., 342 F. App'x 654, 656 (2d Cir. 2009) (finding prisoner-plaintiff had not satisfied § 1915(g)'s imminent danger exception as he had been transferred to a different facility and removed from the alleged danger prior to filing the complaint).

For the foregoing reasons, the court VACATES its prior Order permitting Plaintiff to proceed IFP as required by 28 U.S.C. § 1915(g). See Polanco v. Hopkins, 510 F.3d 152, 154-55 (2d Cir. 2007) (affirming district court's decision revoking IFP status after learning of plaintiff's prior disqualifying suits). The Complaint is therefore DISMISSED without prejudice. Plaintiff may re-file this action upon payment of the $400 filing fee to the Clerk of the Court.

Additionally, in light of this determination, Plaintiff's request for appointment of counsel in this matter is DENIED as moot. (See Aug. 21, 2014, Ltr. (Dkt. 17).)

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 18, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] See also Welch v. Selsky, No. 06-CV-812 (LEK), 2008 WL 238553, at *5-7 (N.D.N.Y. Jan. 28, 2008) (adopting report and recommendation) (finding no imminent danger in part because plaintiff had been transferred to another facility prior to filing the Complaint); Gamble v. Maynard, No. 06-CV-1543 (DNH), 2008 WL 150364, at *4-5 (N.D.N.Y. Jan. 14, 2008).

4